UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAVEN GENTLE,

    Plaintiff,

v.                                Case No. 8:21-cv-2900-AEP

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

    Defendant.
_____/

**ORDER**

Plaintiff seeks judicial review of the denial of her claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.**

**A.    Procedural Background**

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 206-14). The Social Security Administration ("SSA") denied Plaintiff's claims both initially and upon reconsideration (Tr. 117-57). Plaintiff then requested an administrative hearing (Tr. 159-60). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 39-52). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied

Plaintiff's claims for benefits (Tr. 7-28). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-6). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

      **B.**      **Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1991, claimed disability beginning on November 15, 2018 (Tr. 206). Plaintiff has at least a high school education (Tr. 42). Plaintiff has past relevant work experience as a customer service representative and a customer service supervisor (Tr. 20). Plaintiff alleged disability due to systemic lupus and depression (Tr. 233).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through September 30, 2023 and had not engaged in substantial gainful activity since November 15, 2018, the alleged onset date (Tr. 12). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: discoid lupus erythematosus, systematic lupus erythematosus, cutaneous lupus erythematosus, and polyarthritis (Tr. 13). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 13). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform sedentary work except that she could not work around extreme cold, extreme heat, humidity, wetness, high,

exposed places, and moving, mechanical part and requires a moderate noise intensity environment (Tr. 13). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 15, 18).

Given Plaintiff's background, RFC, and the assessment of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform her past relevant work as a customer service representative or customer service supervisor (Tr. 20). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the assessment of the VE, the ALJ found Plaintiff not disabled (Tr. 21).

**II.**

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To regularize the adjudicative process, the SSA promulgated the detailed regulations currently in effect, including a provision for payment of a child's benefits on the earnings record of an insured person who is entitled to benefits if the claimant is 18 years old or older and has a disability that began before attaining age 22. *See* 20 C.F.R. § 404.350(a)(5); *see* 42 U.S.C. § 402(d)(1). These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and (4) whether the claimant can perform his or her past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable

legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam) (citations omitted).

### III.

Plaintiff argues that the ALJ erred by failing to develop the record regarding Plaintiff's mental impairments, including the mental impact of pain and side effects

from her medications. For the following reasons, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

Even though Social Security proceedings are inquisitorial rather than adversarial in nature, claimants must establish their eligibility for benefits. *Ingram*, 496 F.3d at 1269; 20 C.F.R. §§ 404.1512(a), 416.912(a). During the administrative process, therefore, a claimant must inform the Social Security Administration about or submit all evidence known to the claimant relating to whether the claimant is blind or disabled. 20 C.F.R. §§ 404.1512(a), 416.912(a). Though the claimant bears the burden of providing medical evidence showing she is disabled, the ALJ is charged with developing a full and fair record. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). The ALJ maintains this basic obligation to develop a full and fair record without regard for whether the claimant is represented by counsel. *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995).

Although the ALJ has a duty to develop the record, the ALJ is not required to order a consultative examination as long as the record contains sufficient evidence upon which the ALJ can make an informed decision. *Ingram,* 496 F.3d at 1269 (citing *Doughty v. Apfel,* 245 F.3d 1274, 1281 (11th Cir. 2001)); 20 C.F.R. §§ 404.1527, 416.912, 416.919a; *Ford v. Sec. of Health & Human Services*, 659 F.2d 66, 69 (5th Cir. 1981) (Unit B). Rather, the regulations dictate that the ALJ may ask the claimant to attend a consultative examination at the Commissioner's expense, but only after the ALJ fully considers whether any additional information needed is readily available from the records of the claimant's medical sources. *Doughty,* 245

F.3d 1280-1281; *see also* 20 C.F.R. §§ 404.1512(b)(2), 404.1519a(a)(1), 404.1520b, 416.912(b)(2), 416.919a(a)(1), 416.920b.[2] It is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for the ALJ to make an informed decision. *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (citation omitted).

The decision to recontact a medical source or to order a consultative examination remains within the discretion of the Commissioner. *See, generally,* 20 C.F.R. §§ 404.1520b(c), 416.920b(c). If the evidence is consistent but the Commissioner does not have sufficient evidence to determine whether a claimant is disabled, or, if after weighing the evidence, the Commissioner determines that a conclusion cannot be reached about whether the claimant is disabled, the Commissioner will determine the best way to resolve the inconsistency or insufficiency, including recontacting a treating physician or medical source or asking the claimant to undergo a consultative examination. 20 C.F.R. §§ 404.1520b(c)(1) & (3), 416.920b(c)(1) & (3).

When the plaintiff demonstrates that the record reveals evidentiary gaps which result in unfairness or "clear prejudice," remand is warranted. *Id.* at 935; *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) ("Remand for

---

[2] A non-exhaustive list of situations requiring a consultative examination appears in the regulations, at 20 C.F.R. §§ 404.1519a(b) and 416.919a(b), and includes situations where (1) the additional evidence needed was not contained in the records of claimant's medical sources; (2) the evidence that may have been available from the claimant's treating or other medical sources could not be obtained for reasons beyond the claimant's control, such as death or non-cooperation of a medical source; (3) highly technical or specialized medical evidence that the Commissioner needs was not available from claimant's treating or other medical sources; or (4) there was an indication of a change in the claimant's condition likely to affect the claimant's ability to work, but the current severity of claimant's impairment was not established. 20 C.F.R. §§ 404.1519a(b)(1)-(4), 416.919a(b)(1)-(4).

further factual development of the record before the ALJ is appropriate where the record reveals evidentiary gaps which result in unfairness or clear prejudice.") (quotation and citation omitted); *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997) ("However, there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record.") (citation omitted). However, the mere lack of a consultative examination is inadequate to meet a plaintiff's burden to demonstrate prejudice. *See Henderson v. Comm'r of Soc. Sec.*, 353 F. App'x 303, 305 (11th Cir. 2009) (holding claimant failed to show prejudice for failure to develop the record as claimant did "not explain how the absence of [the discussed evidence] precluded the ALJ from making an informed disability determination. Nor does [claimant] explain how such an assessment would have affected the ALJ's overall disability determination"); *Slocumb v. Comm'r of Soc. Sec.*, No. 5:16-cv-617-Oc-10PRL, 2017 WL 2889804, at *4 (M.D. Fla. May 15, 2017) ("[I]t is Plaintiff's duty to show *how* the ALJ's failure to obtain a psychological examination prejudiced her, the mere lack of a consultative examination is inadequate to meet Plaintiff's burden when the record contains sufficient evidence to determine whether she is disabled."). Rather, a plaintiff must show the ALJ's decision would have been impacted by a consultative examination. *Robinson v. Astrue*, 365 F. App'x 993, 999 (11th Cir. 2010) (finding claimant could not show she suffered prejudice "because there is no evidence ALJ's decision would have changed in light of any additional information").

In the instant case, Plaintiff is unable to show prejudice requiring remand because there is no evidentiary gap in the record. The state agency psychological consultants reviewed Plaintiff's medical records and provided assessments regarding Plaintiff's mental impairments and functioning (Tr. 57-58, 86-89). One of the state agency psychological consultants, Dr. Sadovnik, found that Plaintiff had no limitations in her ability to understand, remember, or apply information, in her ability to adapt or manage herself, or in her ability to interact with others (Tr. 57-58). Dr. Sadovnik found that Plaintiff had a mild limitation in her ability to concentrate, persist, or maintain pace (Tr. 58). The other state agency psychological consultant, Dr. Prickett, found that Plaintiff had no limitations in her ability to understand, remember, or apply information or her ability to adapt or manage herself (Tr. 88). Dr. Pricket found that Plaintiff had a mild limitation in her ability to concentrate, persist, or maintain pace and interact with others (Tr. 88).

Plaintiff's treatment notes indicate that Plaintiff was diagnosed with depression and anxiety and prescribed medication (Tr. 621). Plaintiff also reported that her lupus diagnosis impacted her sleep, activities of daily living, and she experienced a reduced ability to experience pleasure and crying spells (Tr. 417). In later examinations, Plaintiff presented with normal mood and affect (Tr. 374, 389, 397, 415, 461, 495, 518, 526, 528, 599, 607, 616, 620, 675, 708). During some examination, Plaintiff denied symptoms of anxiety (Tr. 396, 460, 550), while during other times, Plaintiff presented as anxious and fatigued (Tr. 449, 585). Treatment notes regarding her major depressive disorder mentioned that she was stable on

medication (Tr. 515) and she denied side effects from her medication (Tr. 615). Moreover, in Plaintiff's supplemental immune system questionnaire, she alleges that she experienced problems concentrating when she had bad migraines and headaches (Tr. 263). Plaintiff also reported that she could prepare meals, do laundry, and do a little shopping and house cleaning (Tr. 249). Plaintiff also reported that she could pay attention unless she was in pain (Tr. 257).

The ALJ properly reviewed these medical records and also noted that Plaintiff experienced some side effects from her medication shortly after starting treatment for lupus (Tr. 15-16). After some medication adjustments, Plaintiff reported improvement (Tr. 17).

Plaintiff attacks the ALJ's decision by arguing that there was a year and a half gap between the state psychological consultants' opinions and the ALJ's decision. However, Plaintiff neglects to mention what new evidence would have been available for another consultant to review. In fact, the ALJ noted that there was no evidence of any treatment after March 2020. Plaintiff implies that this was due to the Covid-19 pandemic but does not explain the nature of the ALJ's alleged evidentiary gap or how the ALJ's decision would have potentially changed with the addition of a consultative examination. The mere lack of a consultative examination is inadequate to meet Plaintiff's burden to demonstrate prejudice. *See Henderson*, 353 F. App'x at 305. Thus, Plaintiff fails to show that there was an evidentiary gap such that the ALJ's decision was prejudiced.

Therefore, the evidence relied upon by the ALJ was neither inconsistent nor insufficient. Rather, as the decision indicates and as discussed herein, the record contained sufficient evidence for the ALJ to make an informed decision. As such, the ALJ did not need to seek a consultative examination to correct any inconsistencies or insufficiencies in the record.

It is worth noting that Plaintiff makes mention, in passing, that the ALJ failed to give an adequate explanation as to why he rejected Plaintiff's complaints of drowsiness, forgetfulness, and concentration deficits. As noted by the Commissioner, Plaintiff fails to elaborate on this issue or present any supporting arguments or authority. Accordingly, to the extent Plaintiff intended to raise an issue regarding the ALJ's evaluation of Plaintiff's subjective complaints, she has abandoned the claim because she failed to develop the argument or provide any supporting authority. *See Douglas v. Comm'r, Soc. Sec. Admin.*, 832 F. App'x 650, 655 (11th Cir. 2020) ("A party abandons an issue by making only passing reference to it or raising it 'in a perfunctory manner without supporting arguments and authority.'") (quoting *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014)). Even so, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision" as long as the decision is not "a broad rejection" that casts doubt on whether the ALJ considered the claimant's "medical condition as a whole." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005).

Based on the foregoing, the Court finds that the ALJ conducted a thorough review of the evidence and reached a decision based on a detailed consideration of the evidence, and that substantial evidence supports the ALJ's decision.

**IV.**

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is AFFIRMED.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 10th day of March, 2023.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record